**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

August 13, 2020

RE:   LETTER ORDER regarding *Bethel Ministries, Inc. v. Dr. Karen B. Salmon, et al.*; Civil No. SAG-19-1853

Dear Counsel:

Defendants (collectively, "the State") have filed a Motion to Compel Discovery from plaintiff Bethel Ministries, Inc., in accordance with Local Rules 104.7 and 104.8 of this Court. ECF 57. I have reviewed the completed briefing, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons described below, the State's Motion is GRANTED IN PART and DENIED IN PART.

In general, the State seeks two categories of information from Plaintiff relating to the school it operates, Bethel Christian Academy ("Bethel"). First, the State seeks information about students who did not enroll at Bethel, either because they opted not to complete the application process or because Bethel denied them admission. Second, it seeks information about students, referenced in, but not identified, in Bethel's Complaint, who Bethel alleges were unable to enroll or continue enrollment because the State disqualified Bethel from the BOOST program.

The Federal Rules of Civil Procedure define the scope of permissible discovery. Specifically, Rule 26 provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Importantly, the Federal Rules of Civil Procedure "impose a more liberal standard of relevance which does not turn on admissibility." *Marvin J. Perry, Inc. v. Hartford Cas. Ins. Co.*, No. RWT-08-138, 2008 WL 11367475, at *2 (D. Md. Dec. 22, 2008); *see also United Oil Co., Inc. v. Parts Assocs., Inc.*, 227 F.R.D. 404, 409 (D. Md. 2005) ("[R]elevance for discovery purposes is viewed more liberally than relevance for evidentiary purposes.") (citations omitted). A party resisting discovery has the burden of "clarify[ing] and explain[ing] precisely why its objections are proper given the broad and liberal construction of the federal discovery rules." *United Oil Co.*, 227 F.R.D. at 411. Here, the burden rests with Bethel "to establish that the information is not relevant, or that the discovery request should be denied." *Hake v. Carroll Cty.*, WDQ-13-1312, 2014 WL 3974173, at *5 (D. Md. Aug. 14, 2014) (citation omitted).

Bethel asserts two general reasons why it should not have to provide the required information: student personal identifying information is protected under the Family Educational Rights and Privacy Act (FERPA), 22 U.S.C. § 1232g, *et seq.*, and the requests would infringe on Bethel's First Amendment associational rights by burdening and harassing members of its community. ECF 57-2. The first issue is easily addressed, because FERPA's implementing regulations permit disclosure "to comply with a judicial order or lawfully issued subpoena,"

*Bethel Ministries, Inc. v. Dr. Karen B. Salmon, et al.*
Civil No. SAG-19-1853
August 13, 2020
Page 2

provided that reasonable steps are taken to notify the students. 34 C.F.R. 99.31(a)(9)(i).  As to Bethel's First Amendment associational rights, the student information in question, by definition, belongs to students who are not enrolled at Bethel, either because they were not granted admission or because they are unable to attend without the benefit of the BOOST program.  Thus, Bethel's objections are unavailing.

The remaining question, then, is the basic one regarding the relevance of the requested information, balanced with the proportional needs of this litigation and the privacy interests of the prospective students in question.  Weighing those factors, I conclude that the information requested in Interrogatories 14 and 15, pertaining to the identification of students specifically referenced in Bethel's Complaint, must be produced.  The State is entitled to test the veracity of the allegations Bethel makes, and cannot do so without the identities of the current or former Bethel students allegedly impacted by the BOOST decision. Further, Bethel relies on this allegation to substantiate its claim for damages resulting from the Advisory Board's decision to expel it from the program.

However, the questions surrounding the admissions-related decisions are more complex. The requested information does not rest on specific allegations in Bethel's Complaint and the disclosure potentially poses a graver threat to the privacy interests of the families whose applicants did not ever attend the school.  I will grant the State's Motion to Compel to a limited extent:  Bethel will be required, in response to Requests for Production 1 and 2, to produce documentation relating to its decision not to admit any applicant, for a reason other than failure to pass the admissions examination.  Put another way, if an applicant did not pass the admissions examination, Bethel need not provide any further identifying information.  If Bethel denied any applicant who did pass the admissions examination, Bethel should provide the applicant's identifying information, and any other documentation relevant to its  admissions decision.  The number of such students, from Bethel's representation, appears to be quite small.  As to the remaining requests, including Interrogatory 2, the State's Motion will be denied.  The request that Bethel identify "all people who expressed interest who ultimately did not enroll" is vague and overbroad, and is not proportional to the needs of this case, which focuses on Bethel's conduct in admissions and the State's decision to disqualify Bethel from the BOOST program.

As noted above, the State's Motion, ECF 57, is GRANTED IN PART AND DENIED IN PART.  Responses to Interrogatories 14 and 15, and documents responsive to Requests for Production 1 and 2 relating to Bethel's decision not to admit any student for reasons other than the student's failure of the admissions examination, should be produced to the State on or before [two weeks].  The parties should ensure that the information provided is protected by an appropriate confidentiality agreement.

*Bethel Ministries, Inc. v. Dr. Karen B. Salmon, et al.*
Civil No. SAG-19-1853
August 13, 2020
Page 3

    Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

        Sincerely yours,

        /s/

        Stephanie A. Gallagher
        United States District Judge